**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KEVIN BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:07-CV-369 TLS |
| | ) |
| MCLEAN DAVIDSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Plaintiff, a prisoner confined at the LaGrange County Jail, filed a complaint pursuant to 42 U.S.C. § 1983 against Custody Officers McLean Davidson and Tyler Fry, and Nurse Nancy. Pursuant to 28 U.S.C. § 1915A(a), the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) (quotation marks, ellipsis, citations, and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out *in detail* the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at 1965 n.3 (quotation marks and citation omitted). Furthermore, while courts are required to "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007), "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

According to the complaint, on March 31, 2007, Officer Davidson "used excessive force on [the Plaintiff]" and "put his hands on [the Plaintiff]" without cause, and Officer Fry sprayed him "maliciously and sadistically" with a chemical agent. (Compl. 3.) After the incident, jail officials spoke with Nurse Nancy on the phone. Without coming in to examine the Plaintiff, she told them "that [the Plaintiff's] tooth was already loose." (Compl. 3.)

The Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *See*

2

*Wollin v. Gondert*, 192 F.3d 616, 621 (7th Cir. 1999). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

The Plaintiff alleges that Defendants Davidson and Fry used excessive force on him without justification, causing him injury. "The Eight Amendment, applicable to the States through the Due Process clause of the Fourteenth Amendment, prohibits 'cruel and unusual punishments' and has been interpreted by the United States Supreme Court to encompass 'unnecessary *and wanton* infliction of pain' upon prisoners in a correctional institution." *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 296 (1991)). The *mens rea* showing is essential, and to establish such a claim under § 1983, a plaintiff "must establish that prison officials acted wantonly or, stated another way, 'maliciously and sadistically for the very purpose of causing harm.'" *Id*. (quoting *Seiter*, 501 U.S. at 296).

The Plaintiff claims that Defendants Davidson and Fry aggressively seized him and sprayed him with a chemical agent for no other reason than that he asked to see a lieutenant. (Compl. 3.) The Court, at this stage, must accept these allegations as true. Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that he can prove no set of set of facts consistent with his excessive use of force claims against Defendants Davidson and Fry.

After the incident giving rise to his excessive use of force claim, the Plaintiff alleges that the jail officials then called Nurse Nancy on the telephone and that she "diagnosed [him] with out even

3

examining [him] and that absolutely is . . . outrageous." (Compl. 4.) He states that Nurse Nancy was not competent to examine and diagnose his problem, nor did she refer him to the doctor. (Compl. 3.)

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because deliberate indifference is comparable to criminal recklessness, *Farmer*, 511 U.S. at 837, a plaintiff must demonstrate more than an inadvertent failure to provide medical care or negligence in treating a medical condition. *Estelle*, 429 U.S. at 105–107; *see also Billman v. Ind. Dep't of Corr.*, 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citing *McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991)). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994) (quoting *Farmer*, 511 U.S. at 837–838). Negligence or medical malpractice do not constitute deliberate indifference, *Estelle*, 429 U.S. at 106, and a mere disagreement with a physician over a course of medical treatment states no claim under § 1983. *Hendrix v. Faulkner*, 525 F. Supp. 435, 458 (N.D. Ind. 1981), *aff'd in part, vacated in part on other grounds sub nom. Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

4

Nurse Nancy may have been negligent or committed medical malpractice by not coming to the jail to examine the Plaintiff. But negligence and malpractice do not violate the Eighth Amendment. Furthermore, the Plaintiff does not allege any permanent injury from Nurse Nancy's failure to examine him right after the incident, nor does he allege that he requested that the jail doctor or nurse examine him the next time they were at the jail.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Defendants McLean Davidson and Tyler Fry in their personal capacities for damages on his Eighth Amendment excessive use of force claims;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES Nurse Nancy and all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshal's service to effect service of process on Defendants McLean Davidson and Tyler Fry on the Plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED on October 1, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION